# EXHIBIT B

# EXHIBIT B

**U.S. Department of Labor**

Occupational Safety and Health Administration
201 Varick Street, Room 670
New York, New York 10014
Tel: (212) 337-2378
Fax: (212) 337-2371

March 1, 2007

John F. Vodopia, Esq.
3 Lone Oak Drives
Centerport, New York 11721

**Via Certified Mail #7005 1820 0008 0250 8497, RRR**

Re: Koninklijke Philips Electronics N.V., et al/Vodopia / 2-2600-06-005
    Section 806 Sarbanes-Oxley Act

Dear Mr. Vodopia,

This is to advise you that we have completed our investigation of the above-referenced complaint filed by you (Complainant) against Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation (Respondents) under the employee protection provisions of Title VIII, Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. Section 1514A (hereinafter called SOX). In brief, Complainant was a patent attorney managing the litigation of Respondent firm. Complainant alleged to his superiors that a patent lawsuit was being mismanaged by an outside law firm leading to billing fees of several million dollars and that fraud was involved in the purchase of four patents purchased by Respondent.

Following an investigation of this matter by a duly authorized investigator, the Secretary of Labor, acting through her agent, the Regional Administrator for the Occupational Safety and Health Administration (OSHA), Region II, finds no reasonable cause to believe that Respondent violated the Complainant's rights under SOX and issues the following findings:

**Secretary's Findings**

Respondent, Koninklijke Philips Electronics N.V., et al is a company with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l) and is required to file reports under Section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)). Respondent Philips Electronics North America Corporation is a wholly owned subsidiary of Koninklijke Philips Electronics N.V. Respondent did not contest coverage under SOX.

Complainant, until his termination on February 3, 2006, was employed by Respondent Philips Electronics North America Corporation as a Senior Intellectual Property Counsel. Complainant is an employee within the meaning of SOX. His SOX complaint to OSHA was filed on April 18, 2006. The complaint was timely filed.

On or about October 2005, Complainant alleged to his supervisor, Mike Marion, V.P. and General Manager of Philips Intellectual Property and Standards that a patent lawsuit was being mismanaged by an outside law firm, Wilkie, Farr & Gallagher, leading to billing fees of several million dollars and that "fraud" was involved in the purchase of four patents purchased by

Respondent '                                                      . Respondent through its ethics investigator, Ken Rhinehard, Esq. conducted an investigation of the issue and found that there was no merit to Complainant's allegations. Complainant continued to voice his concerns and disagreement with the findings. In response, Respondent had other counsel, Ed Blocker and Jack Haken, Philips IP & S US, investigate Complainants allegations. Again, the allegations were found to be without merit.

Complainant was advised of the results of the second investigation, but he refused to accept the results as accurate and insisted that he would continue to investigate these allegations during working hours. Complainant was directed to raise any additional concerns through the proper channels and not to investigate his allegations during working hours. On February 2, 2006, Complainant was directed to meet with his supervisor at which time a final warning letter was issued regarding his failure to follow proper procedures and his misuse of email. The letter advised Complainant that he was to return to his normal job duties and not spend anymore time on these issues. Complainant refused to sign this letter and was terminated on February 3, 2006 for cause.

The concerns that Complainant raised to management do not fall under the aegis of §806 of SOX. Complainant has been unable to demonstrate to OSHA that he reported any information to Respondent that he reasonably believed constituted a violation of 18 U.S.C. §§ 1341, 1343, 1344, or 1348, or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders. The concerns raised by Complainant involved his disagreement with the way in which Respondent and their outside counsel, Wilkie, Farr & Gallagher, handled issues of patent law. Although Complainant continually uses the word "fraud" in his § 806 complaint to OSHA, he has failed to demonstrate that his disagreements with his employer about patent law constituted a protected report.

A preponderance of the evidence supports Respondent's legitimate, non-retaliatory reason for terminating Complainant's employment.

**Order**

The complaint is dismissed.

Respondent and Complainant have thirty (30) days from the receipt of these Findings and Preliminary Order to file objections and to request a hearing before an Administrative Law Judge (ALJ). To exercise this appeal right you must, within thirty (30) days of receipt of this letter, file your request for a hearing by facsimile (fax), hand delivery, or overnight/next day delivery mail or telegram to:

> Chief Administrative Law Judge
> U.S. Department of Labor
> Suite 400N, Techworld Building
> 800 K Street NW
> Washington, D.C. 20001-8002
> Voice: (202) 693-7542 Facsimile: (202)693-7365



OSHA Occupational Safety and Health Administration
www.osha.gov

With copies to:

Respondent

OSHA Regional Administrator
201 Varick Street, Room 670
New York, NY 10014

Department of Labor, Associate Solicitor
Division of Fair Labor Standards
200 Constitution Avenue, NW, N2716
Washington, D.C. 20210

In addition, please be advised that the U.S. Department of Labor generally does not represent any party in the hearing; rather, each party presents his or her own case. The hearing is an adversarial proceeding before an Administrative Law Judge (ALJ) in which the parties are allowed an opportunity to present their evidence *de novo* for the record. The ALJ who conducts the hearing will issue a decision based on the evidence, arguments, and testimony presented by the parties. Review of the ALJ's decision may be sought from the Administrative Review Board, to which the Secretary of Labor has delegated responsibility for issuing final agency decision under SOX. A copy of this letter has been sent to the Chief Administrative Law Judge along with a copy of your complaint. The rules and procedures for the handling of SOX cases can be found in Title 29, Code of Federal Regulations Part 1980, a copy of which was sent to you earlier, and may be obtained at www.osha.gov.

Sincerely,

Patricia K. Clark
Regional Administrator

cc:   Chief Administrative Law Judge
      USDOL/SOL
      Securities and Exchange Commission
      Robert Petrulis, Esq. (Via Certified Mail #7005 1820 0008 0250 8503, RRR)