LEXSEE

GLOBAL MEDIA CORPORATION, Plaintiff, -against- GATEWAY DISTRIBUTORS, LTD., FLORIAN R. TERNES, and RICHARD A. BAILEY, Defendants.

06 Civ. 13415 (RMB) (MHD)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 64364

August 28, 2007, Decided
August 28, 2007, Filed

COUNSEL: [*1] For Global Media Corporation, Plaintiff: Richard Morris Mortner, LEAD ATTORNEY, The Mortner Law Office, P.C., New York, NY.

For Gateway Distributors, Ltd., Florian R. Ternes, Richard A. Bailey, Defendants: Sanford F. Young, LEAD ATTORNEY, Law Offices of Sanford F. Young, P.C, New York, NY.

JUDGES: RICHARD M. BERMAN, U.S.D.J.

OPINION BY: RICHARD M. BERMAN

OPINION

*DECISION AND ORDER*

I. Introduction

On or about March 5, 2007, Global Media Corporation ("Global Media" or "Plaintiff"), a privately-held New York corporation, filed a second amended complaint ("Second Amended Complaint") in this diversity action against Gateway Distributors, Ltd. ("Gateway"), a publicly-held Nevada corporation (now incorporated as Marshall Holdings International), and two of Gateway's officers, Florian R. Ternes and Richard A. Bailey (collectively, "Defendants"), alleging, among other things, that Global Media and Gateway entered into a verbal contractual relationship ("Agreement") and "Gateway has failed and refused . . . to tender its performance as required by the [Agreement]" and its promise to issue stock to Global Media was "fraudulent because . . . [Defendants] had no intention to follow through with the [Agreement]." (2d Am. Compl. [*2] PP 18, 24, 33.)

On or about April 12, 2007, Defendants filed a motion to dismiss Plaintiff's breach of contract and fraud claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, among other things, that (A) there was no contract between Global Media and Gateway and "the Second Amended Complaint merely alludes to preliminary, hearsay discussions and negotiations that did not even amount to an agreement-to-agree"; and (B) "Plaintiff's attempt to plead a fraud claim obviously fails to satisfy the particularity requirements of [Federal Rule of Civil Procedure] 9(b)" because "there is no specific or cohesive description of anything amounting to fraud" in the Second Amended Complaint. (Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs. Mem.") at 7, 10.)

On or about May 2, 2007, Plaintiff filed an opposition brief, arguing, among other things, that (A) "Plaintiff has alleged specific information pertaining to the events that lead to the formation of the [A]greement" including "when and where the [A]greement was formed" as well as "the terms of the [A]greement"; and (B) Plaintiff adequately alleged that "Defendants fraudulently induced Plaintiff to enter into the [Agreement] [*3] by represent[ing] to Plaintiff[] that . . . Gateway was engaged in the business of marketing and distributing consumer products." (Mem. in Opp'n to Mot. to Dismiss Pl.'s Second Am. Compl. ("Pl. Opp'n"), at 6-7, 14.)

On or about May 15, 2007, Defendants submitted a reply brief in which they argued, among other things, that Plaintiff's "fraud claim is no more than an improper attempt to plead a breach claim" because it is "premised upon allegations regarding Defendants' future intent not to abide by the verbal [Agreement]." (Defs.' Reply Mem. in Supp. of Mot. to Dismiss ("Defs. Reply") at 7.)

Oral argument was held on August 28, 2007. (*See* Argument Tr., dated Aug. 28, 2007.)

For the following reasons, Defendants' motion to dismiss is granted in part and denied in part.

1

> 1   The Court is not ruling upon the ultimate merits of Plaintiff's remaining claim.

## II. Background

The Court assumes the following facts, drawn from the Second Amended Complaint, to be true for the purposes of this motion to dismiss. *See Anatian v. Coutts Bank (Switz.) Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999)

Global Media markets "various [*4] personal care and consumer products through the use of television commercials and . . . 'infomercials.'" (2d Am. Compl. P 8.) In 2003, Global Media developed a nationwide marketing campaign for two "personal hair removal devices known as 'Finally Gone' and 'Finally Gone Plus'" (together, "Finally Gone"); the "trademarks, molds and tooling" of which are owned by Tactica International, Inc. ("Tactica"). [2] (2d Am. Compl. 9-11.) Gateway engages "in the business marketing and distributing consumer products." (2d Am. Compl. P 39.)

> 2   The parties also refer to the "Finally Gone" hair removal product(s) as "Forever Gone."

On or about January 28, 2004, the president of Global Media, Avi Sivan, met with Gateway's officers and with Terrence Mendriatta, an officer of Sterling Sound, Inc. ("Sterling"), a non-party in this case, to discuss Gateway's acquisition of the rights to "Finally Gone." [3] (2d Am. Compl. PP 14-16.) At the January 28 meeting, "Mr. Sivan, acting on behalf of Global [Media] and Tactica" agreed to license "the use of the trademarks for the 'Finally Gone' . . . products" to Sterling "for the sum of $ 50,000." (2d Am. Compl. P 18.a.) "Sterling agreed to sublicense . . . '[Finally] Gone' [*5] . . . to Gateway," and Gateway agreed to pay $ 2,000,000 in Gateway stock to Global Media in exchange for Global Media's "marketing materials" and "consulting services." (2d Am. Compl. PP 18.b-c.) Global Media "provided materials, work, labor and services to . . . Gateway and fulfilled its obligations under the [Agreement]," but Gateway "failed and refused to deliver the stock that Gateway obligated itself to deliver under the [Agreement]." (2d Am. Compl. PP 20-21.) Plaintiff seeks "economic and special damages, including, but not limited to a loss of income . . . in excess of the amount of $ 2,000,000." (2d Am. Compl. P 45.)

> 3   Mr. Sivan is also the President of Tactica. (2d Am. Compl. P 12.)

## III. Legal Standard

When considering a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), the court "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996) (citation omitted). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading [*6] that a recovery is very remote and unlikely but that is not the test." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citation and internal quotation omitted). "Dismissal for failure to state a claim is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citation and internal quotation omitted).

"[W]here a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." *Suchil v. Computer Outsourcing Servs.*, 868 F. Supp. 59, 62 (S.D.N.Y. 1994).

## IV. Analysis

### (A) Breach of Contract

Defendants argue, among other things, that Plaintiff's Second Amended Complaint "does not identify a valid

agreement between the parties"; Global Media "is not a party to any consulting or other agreement with Gateway"; and "the only agreements to which Gateway is a party are a series [*7] of *pro forma* consulting agreements entered into between it and a bevy of individual 'consultants.'" (Defs. Mem. at 3-4; *see also* Aff. of Sanford F. Young in Supp. of Mot. to Dismiss, dated Apr. 11, 2007 ("Young Aff."), Ex. F ("Consulting Agreements").) Plaintiff counters that it "has alleged specific information pertaining to the events that lead to the formation of the [A]greement," and "the [C]onsulting [A]greements offered by Defendants are [separate agreements] not properly before this [C]ourt." (Pl. Opp'n at 7-8, 10.)

To adequately plead a claim for breach of contract under New York law, a plaintiff must allege the following elements in its complaint: "(1) the existence of an agreement; (2) the performance of the contract by plaintiff; (3) breach of the agreement by defendant; and (4) damages." *Advanced Mktg. Group, Inc. v. Bus. Payment Sys., LLC*, 481 F. Supp. 2d 319, 323 (S.D.N.Y. 2007) (citing *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). "In addition, the breach of contract allegations in the complaint must include 'the provisions of the contract upon which the claim is based.'" *Leepson v. Allan Riley Co.*, No. 04 Civ. 3720, 2006 U.S. Dist. LEXIS 52875, 2006 WL 2135806, at *3 (S.D.N.Y. July 31, 2006) [*8] (quoting *Valley Cadillac Corp. v. Dick*, 238 A.D.2d 894, 894, 661 N.Y.S.2d 105, 106 (4th Dep't 1997)).

Global Media has satisfied this breach of contract pleading standard. First, Plaintiff alleges that "for $ 2,000,000 in freely tradable shares of Gateway stock," Global Media agreed "to provide marketing materials to Gateway for the ['Finally] Gone['] products, and consulting services covering all aspects of the business, including arranging for manufacturing of the [p]roducts in China, and marketing, advertising and distributing the [p]roducts in the U.S." (2d Am. Compl. P 18.c.) Second, Global Media alleges that it "provided to Gateway the master tape to the product infomercial, and the promotional and packaging materials for the [p]roducts . . . [and] assembled a team of consultants who provided ongoing and continuing consulting services to Gateway." (2d Am. Compl. P 19.) Third, Plaintiff alleges that "Gateway without cause, failed to issue stock with a value of at least $ 2,000,000 to Plaintiff or Plaintiff's nominees as agreed." (2d Am. Compl. P 24.) Finally, Global Media alleges that "Gateway's failure and refusal to perform its obligations under the [Agreement] has damaged Plaintiff [*9] in the sum of at least $ 2,000,000, plus interest . . . ." (2d Am. Compl. P 25.)

"Construing [Plaintiff's] allegations liberally, and pending discovery, [Plaintiff], at this stage of the proceeding, has adequately pled the required elements of a breach of contract claim." *Diversified Carting, Inc. v. City of New York*, 423 F. Supp. 2d 85, 97 (S.D.N.Y. 2005) (citing *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258, 271 (S.D.N.Y. 2004)).

(B) Fraud

Defendants argue, among other things, that besides failing "to satisfy the particularity requirements of [Rule] 9(b)," Plaintiff's fraud claim "must be dismissed as an improper attempt to plead a breach claim under the guise of a fraud claim," and the "fraud claim is based upon unactionable allegations relating to Defendants' alleged 'intent' not to fulfill alleged promises of future action." (Defs. Mem. at 10-11; Young Aff. P 5.d.) Plaintiff argues that it "scrupulously pleads each element of fraud with particularity," and "sufficient[ly] . . . alleges a representation of present fact that was the inducement of the contract." (Pl. Opp'n at 11, 13 (emphasis removed).)

To maintain a claim of fraud co-existent with [*10] an alleged breach of contract claim, "a plaintiff must either: ([1]) demonstrate a legal duty separate from the duty to perform under the contract; or ([2]) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or ([3]) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (citations omitted); *see also Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 425-26 (S.D.N.Y. 2004). Global Media has done none of these things, and its cause of action for fraudulent misrepresentation must be dismissed because "the only fraud alleged relate[s] to the cause of action to recover damages for breach of contract." *Tucker v. AM Sutton Assocs.*, 16 A.D.3d 670, 671, 792 N.Y.S.2d 539, 541 (2d Dep't 2005); *see also Tianjin Longxing (Group) Co. v. GMAC Commercial Fin. LLC*, No. 05 Civ. 251, 2005 U.S. Dist. LEXIS 16524, 2005 WL 1925643, at *3 (S.D.N.Y. Aug. 11, 2005).

First, Plaintiff does not "allege [*11] any sort of special relationship among the parties or other situation that would give rise to a legal duty apart from the parties' contractual relationships." *Bezuszka v. L.A. Models, Inc.*, No. 04 Civ. 7703, 2006 U.S. Dist. LEXIS 13620, 2006 WL 770526, at *13 (S.D.N.Y. Mar. 24, 2006). Second, the alleged misrepresentation that Gateway "was engaged in the business of marketing and distributing consumer products [and] that it intended to pursue this business further with the '[Finally] Gone' product line" (2d Am. Compl. P 39), was "neither collateral nor extraneous to the [Agreement]; rather it was related and intrinsic to [it]." *Bear, Stearns Funding, Inc. v. Interface Group-Nev., Inc.*, 361 F. Supp. 2d 283, 311 (S.D.N.Y. 2005). And third, for both its contract and fraud causes of action, Plaintiff seeks "damages in an amount to be proven at [the] time of trial but in excess of the amount of $ 2,000,000." (*See* 2d Am. Compl. PP 25, 45.) It appears that "the damages which flow from the alleged fraud . . . are precisely those damages that flow from the breach of contract claim." *Bear, Stearns Funding*, 361 F. Supp. 2d at 311; *see also River Glen Assocs., Ltd. v. Merrill Lynch Credit Corp.*, 295 A.D.2d 274, 275, 743 N.Y.S.2d 870, 871 (1st Dep't 2002) [*12] (fraud claim was properly dismissed as "merely duplicative of the . . . breach of contract cause of action") (citations omitted).

Even assuming, *arguendo*, that the fraud claim were not duplicative of Plaintiff's breach of contract claim, Plaintiff has failed to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. [4] A complaint alleging fraud must "specify the statements that the plaintiff contends were fraudulent, . . . identify the speaker, . . . state where and when the statements were made, and . . . explain why the statements were fraudulent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 51 (2d Cir. 1995). And, a plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (citation omitted). "The requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 290-91 (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

> 4 The [*13] Rule provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

Global Media's allegations that Defendants "never intended to provide Plaintiff with the compensation in the form of stock" and sought "solely to induce Plaintiff, fraudulently, into committing to accept the [Agreement] and to perform under the terms of that [A]greement" (2d Am. Compl. P 43), do not plead fraud with particularity; nor do they demonstrate that Defendants had a motive or opportunity to commit fraud; nor do they provide strong circumstantial evidence of conscious misbehavior or recklessness. *See Ryan v. Hunton & Williams*, No. 99 Civ. 5938, 2000 U.S. Dist. LEXIS 13750, 2000 WL 1375265, at *8 (E.D.N.Y. Sept. 20, 2000) (dismissing a fraud claim where the plaintiff's "allegations do not raise any inference, let alone a strong inference, of an intent to defraud").

V. Conclusion & Order

For the reasons stated above, Defendants' motion to dismiss is granted in part and denied in part.

The parties (including principals) are directed to appear at a status/settlement conference with the Court on September 4, 2007 at 12:00 p.m. [*14] in Courtroom 14A of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007. The Court directs the parties to engage in good faith settlement negotiations prior to the conference with the Court.

Dated: New York, NY

August 28, 2007

RICHARD M. BERMAN, U.S.D.J.

LEXSEE

GLOBAL VIEW LTD. VENTURE CAPITAL, Plaintiff, -against- GREAT
CENTRAL BASIN EXPLORATION, L.L.C., MERIT CAPITAL GROUP, LLC,
HARVEY M. BLOCH, and ALFRED SALAZAR, Defendants.

03 Civ. 0026 (VM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

288 F. Supp. 2d 482; 2003 U.S. Dist. LEXIS 19899

November 5, 2003, Decided
November 6, 2003, Filed

**PRIOR HISTORY:** Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C., 288 F. Supp. 2d 473, 2003 U.S. Dist. LEXIS 16788 (S.D.N.Y., Sept. 23, 2003)

**DISPOSITION:** [**1] Defendants' motion for reconsideration denied.

**COUNSEL:** For Global Veiw Ltd Venture Capital, PLAINTIFF: David G Samuels, Perlman & Perlman, New York, NY USA.

**JUDGES:** VICTOR MARRERO, United States District Judge.

**OPINION BY:** VICTOR MARRERO

**OPINION**

[*483] *DECISION AND ORDER*

VICTOR MARRERO, United States District Judge.

Defendants Harvey Bloch, Alfred Salazar and Merit Capital Group, LLC, (collectively, "Defendants") seek reconsideration of this Court's Decision and Order denying, in part, Defendants' motion to dismiss. *See Global View Ltd. Venture Capital v. Great Central Basin Exploration, L.L.C.*, 288 F. Supp. 2d 473, 2003 U.S. Dist. LEXIS 16788, No. 03 Civ. 26, 2003 WL 22218699 (S.D.N.Y. Sep. 24, 2003). Defendants argue that the Court should have dismissed the complaint as having failed a heightened pleading requirement under New York law regarding liability for corporate officers. For the reasons stated, the motion is denied.

**I. STANDARD FOR A MOTION TO RECONSIDER**

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality [**2] and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The governing local rule in this District limits such motions to reconsideration of "matters or controlling decisions which counsel believes the court has overlooked." *See* S.D.N.Y. Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Alternatively, the Court may grant the motion to "'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mutual Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

**II. *DISCUSSION***

288 F. Supp. 2d 482, *483; 2003 U.S. Dist. LEXIS 19899, **2
37 Fed. R. Serv. 3d (Callaghan) 531; 1997 AMC 1772

Defendants' motion fails [**3] to satisfy the rigorous standard governing a grant of reconsideration. The Court finds no new factual matters or controlling law the Court overlooked in ruling on the underlying motion.

Under New York law, "[a] cause of action seeking to hold corporate officials personally responsible for the corporation's breach of contract is governed by an enhanced pleading standard." *Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 744 N.Y.S.2d 384, 390 (App. Div. 1st Dep't 2002). Specifically, "failure to plead in nonconclusory language facts establishing all the elements of a wrongful and intentional interference in the contractual relationship requires dismissal of the action." [*484] *Id.* (citation and internal quotation marks omitted); *see also Petkanas v. Kooyman*, 303 A.D.2d 303, 759 N.Y.S.2d 1, 2 (App. Div. 1st Dep't 2003) ("We have construed such a standard to require a particularized pleading of allegations that the acts of the defendant corporate officers which resulted in the tortious interference with contract either were beyond the scope of their employment or, if not, were motivated by their personal gain, as distinguished [**4] from gain for the corporation.").

Defendants' motion to dismiss argued that the complaint fell short of that enhanced pleading standard. The Court, citing *Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 n.2 (2d Cir. 1971), held that heightened pleading requirements for particular state causes of action do not apply in federal court. Defendants now assert that *Sterling Homex* is limited to the issue in that case, *i.e.*, personal jurisdiction. The Court disagrees. As a leading treatise observes:

> In diversity actions the question whether or not the pleader has stated a claim upon which relief may be granted under state law must be resolved by referring to the substantive law of the state in which the federal court is sitting and a federal pleading may be required to indicate that the prerequisites for relief under that law have been satisfied. *This does not mean, however, that the pleader must state a "cause of action" in accordance with the state rules regarding the pleading of a "cause of action"*; Rule 8 only requires the pleadings in a federal court action to indicate that if the allegations in the complaint are established, the pleader is [**5] entitled to relief under the substantive law of the jurisdiction. Thus, a federal pleading that satisfies the Rule 8(a) standard will not be dismissed simply because it would be vulnerable to a demurrer or a motion to dismiss in a state court.

4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1204 (2d ed. 1990) (footnotes omitted) (emphasis added); *see also Tice v. Southington Bd. of Educ.*, 2 Fed. Appx. 152, 153 (2d Cir. 2001) (holding Connecticut pleading rule regarding numbering complaint not applicable in federal court); 61A Am. Jur. 2d Pleading § 7 (2003) ("Heightened pleading requirements for particular state causes of action do not apply in federal court.").

Defendants argue that the Court's holding would allow plaintiffs to destroy the protections of the corporate form simply by adding perfunctory and conclusory language to allegations against a corporation, thereby implicating the individual defendants. The Court disagrees. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8, courts need not credit conclusory allegations, [**6] or legal conclusions without factual allegations. [1] *See Papasan v. Allain*, 478 U.S. 265, 286, 92 L. Ed. 2d 209, [*485] 106 S. Ct. 2932 (1986) (holding that, for purposes of motion to dismiss, courts are not "bound to accept as true a legal conclusion couched as a factual allegation"). The Court held that the pleadings in this case were sufficient based upon the *factual* assertions contained in the complaint, not on the mere legal conclusion that Defendants acted in their individual capacities.

[1]  In this regard, the Court notes that the "enhanced pleading standard," *Joan Hansen*, 744 N.Y.S.2d at 390, under New York law is arguably no different from the federal pleading standard. Under both standards, the complaint must state "in nonconclusory language facts establishing all the elements" of the cause of action asserted. *Id.* In fact, some of the cases Defendants cite never describe the pleading standard as "enhanced" or "heightened," suggesting that the so-called "heightened" pleading standard is a shorthand way of stating that there is more involved *substantively* with regard to certain claims against

288 F. Supp. 2d 482, *485; 2003 U.S. Dist. LEXIS 19899, **6
37 Fed. R. Serv. 3d (Callaghan) 531; 1997 AMC 1772

individual corporate officials. *See Bonanni v. Straight Arrow Publishers, Inc.,* 133 A.D.2d 585, 520 N.Y.S.2d 7, 9 (App. Div. 1st Dep't 1987); *Jennings v. Burlington Industries, Inc.,* 19 A.D.2d 877, 244 N.Y.S.2d 219, 221 (App. Div. 1st Dept 1963). On this reading, there is nothing "enhanced" about requiring a plaintiff to plead facts, rather than conclusions. *See, e.g., Gerdes v. Reynolds,* 281 N.Y. 180, 22 N.E.2d 331, 333 (N.Y. 1939) ("A complaint must state facts. General allegations of wrongdoing based upon undisclosed facts do not state a cause of action.").

[**7] III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants Harvey Bloch, Alfred Salazar and Merit Capital Group, LLC, for reconsideration of this Court's Decision and Order dated September 23, 2003 is denied.

SO ORDERED.

Dated: 5 November 2003

Victor Marrero

U.S.D.J.