# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

JOHN F. VODOPIA,           :

                         :

        Plaintiff,       :

                         :

     vs.              :

                         :

KONINKLIJKE PHILIPS    :

ELECTRONICS            :

  N.V., *et al*.,         :

                         :

     Defendants.    :

-------------------------------------------------;

Hon. Barbara S. Jones

Magistrate Judge Debra C. Freeman

Case No. 1:07CV06214

*Civil Action*

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST KONINKLIJKE PHILIPS ELECTRONICS N.V.

---

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
521 Fifth Avenue, Suite 1700
New York, New York 10017
Telephone: (212) 292-4314

Attorneys for Defendant Koninklijke
Philips Electronics N.V.

On the brief: Jennifer Rygiel-Boyd (JR 5676)

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ................................................................................................ ii

**BACKGROUND FACTS** ................................................................................................. 1

**LEGAL STANDARD FOR MOTION TO DISMISS** ............................................. 6

**LAW AND ARGUMENT** ............................................................................................... 7

    A.    Attorney Vodopia's Action Should Be Dismissed Because He Fails To Allege That the Court Has Personal Jurisdiction With Respect To Koninklijke As Required By Rule 8(a) of the Federal Rules of Civil Procedure. ...........................................................................................................7

    B.    Attorney Vodopia's Sarbanes-Oxley Claim Must Be Dismissed Because Attorney Vodopia Was Never an Employee of Koninklijke. .............................9

    C.    Attorney Vodopia's Action Should be Dismissed Because His Disagreement With Litigation Strategy Is Not "Protected Activity" Under Sarbanes-Oxley.........................................................................................................10

    D.    Attorney Vodopia's Action Should Dismissed Because He Can Not Even Begin to State a Claim Without Using and Disclosing Attorney-Client Privileged Information. .................................................................................................13

    E.    Attorney Vodopia's Sarbanes-Oxley Claim Should Be Dismissed Because There Is No Evidence That He Filed Objections To the Department of Labor's Dismissal Decision on a Timely Basis and Because He Failed to Serve His Objections And/or Request for Hearing on Koninklijke...................................15

**CONCLUSION** .................................................................................................................. 17

i

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*Balla v. Gambro,*
    584 N.E. 2d 104 (Ill. 1991) ............................................................................ 14, 15

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) ......................................................................................... 7

*Clarke v. Fonix Corp.,*
    98 Civ. 6116, 1999 U.S. Dist. LEXIS 2143 (S.D.N.Y. Mar. 1, 1999) ...................... 8

*Dagen v. CFC Group Holdings, Ltd.,*
    00 Civ. 5682, 2002 U.S. Dist. LEXIS 25767 (S.D.N.Y. Mar. 7, 2002) ................... 8

*Fitzpatrick v. Sony-BMG Music Entertainment, Inc.,*
    07 Civ. 2933, 2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. Aug. 15, 2007) ................. 6

*Fraser v. Fiduciary Trust Co. Int'l,*
    417 F.Supp. 2d 310 (S.D.N.Y. 2006) ................................................................. 11

*Global Media Corp. v. Gateway Distributors, Ltd.,*
    06 Civ. 13415, 2007 U.S. Dist. LEXIS 64364 (S.D.N.Y. Aug. 28, 2007) ............... 6

*Global View Ltd. Venture Capital v. Great Central Basin Exploration L.L.C.,*
    288 F.Supp. 2d 484 (S.D.N.Y. 2003) ................................................................... 8

*Grant v. Dominion East Ohio Gas,*
    Case No. 2004-SOX-00063, 2005 DOLSOX LEXIS 79 (Mar. 10, 2005) ............... 11

*GTE Prods. Corp. v. Stewart,*
    653 N.E. 2d 161 (Mass. 1995) ....................................................................... 14, 15

*Herbster v. N. Am. Co. for Life & Health Ins.,*
    501 N.E. 2d 343 (Ill. App. Ct. 1986) .............................................................. 14, 15

*In re Donald J. Willy v. Coastal Corp.,*
    2004 DOL Ad. Rev. Bd. LEXIS 19, ARB No. 98-060, ALJ No. 85-CAA-1
    (ARB Feb. 27, 2004) ........................................................................................ 15

*In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,*
    2005 U.S. Dist. LEXIS 753 (S.D.N.Y. Jan. 18, 2005) ............................................ 8

*Indemnity Ins. Co. of N.A. v. K-Line America, Inc.,*
    06 Civ. 0615, 2007 U.S. Dist. LEXIS 43567 (S.D.N.Y. June 14, 2007) .................. 8

**Page**

*Jazini by Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998)...................................................................................... 8

*LaBarbera v. Dasgowd, Inc.*,
   No. CV-03-1762, 2007 U.S. Dist. LEXIS 37349 (E.D.N.Y. May 22, 2007) ........................... 7

*Lerbs v. Buca Di Beppo, Inc.*,
   2004-SOX-8, 2004 DOLSOX LEXIS 65 (ALJ June 15, 2004) ............................................... 12

*Livingston v. Wyeth, Inc.*,
   1:03CV00919, 2006 U.S. Dist. LEXIS 52978 (M.D.N.C., July 28, 2006) ............................ 11

*Mahony v. Keyspan Corp.*,
   04 CV 554, 2007 U.S. Dist. LEXIS 22042 (E.D.N.Y. Mar. 12, 2007) ............................ 10, 12

*Nordling v. States Power Co.*,
   465 N.W. 2d 81 (Minn. Ct. App. 1991)............................................................................ 14, 15

*Pittman v. Siemens AG*,
   Case No. 2007-SOX-0015, 2007 DOLSOX LEXIS 56 (ALJ July 26, 2007) ........................ 10

*Portes v. Wyeth Pharmaceuticals, Inc.*,
   06 Civ. 2689, 2007 U.S. Dist. LEXIS 60824 (S.D.N.Y. Aug. 20, 2007) ..................... 7, 10, 11

*Reddy v. Medquist, Inc.*,
   Case No. 2004-SOX-00035, 2005 DOLSOX LEXIS 27 (June 10, 2004).............................. 11

*Shabtai v. Levand*,
   No. 01-7555, 2002 U.S. App. LEXIS 12710 (2d Cir. 2002) ..................................................... 9

*Smith v. Local 819 I.B.T. Pension Plan*,
   291 F.3d 236 (2d Cir. 2002).......................................................................................................... 6

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*,
   109 F.3d 105 (2d Cir. 1997)......................................................................................................... 8

*Wise v. Consol Edison Co. of N.Y.*,
   282 A.D.2d 335 (N.Y. App. Div. 2001) ................................................................................... 15

**Statutes**

15 U.S.C. § 78(d) .......................................................................................................................... 9

18 U.S.C. § 1341 .................................................................................................................... 10, 12

**Page**

18 U.S.C. § 1343 ........................................................................................................... 10, 12

18 U.S.C. § 1344 ........................................................................................................... 10, 12

18 U.S.C. § 1348 ........................................................................................................... 10, 12

18 U.S.C. § 1514A ............................................................................................................. 2, 4, 9

18 U.S.C. § 1514A(a)(1) ................................................................................................ 10, 11

18 U.S.C. Sec. 1514A ........................................................................................................... 7

28 U.S.C. Sec. 1331 ............................................................................................................. 7

**Other Authorities**

29 C.F.R. § 1980.106(a) ................................................................................................ 15, 16

**Rules**

F.R.C.P. 12(b)(2) .................................................................................................................. 5

F.R.C.P. 12(b)(6) .............................................................................................................. 5, 6

F.R.C.P. 8 ............................................................................................................................. 9

F.R.P.C. 8(a) ................................................................................................................... 5, 7, 9

## BACKGROUND FACTS

John F. Vodopia, Esq. (hereinafter referred to as "Attorney Vodopia") was employed by Philips Electronics North America Corporation ("Philips") from 2000 to 2006.  (*See* Plaintiff's Complaint ¶ 11.)  Attorney Vodopia was (and is) a patent attorney.[1]

Prior to his separation from employment, Attorney Vodopia held the position of Senior Intellectual Property Counsel for Philips.  In that position, Attorney Vodopia's duties included managing patent litigation being handled by outside law firms.  During his employment, Attorney Vodopia began complaining about the strategy being employed in a particular patent litigation case and he began stating that the case would have disastrous consequences, resulting in millions of dollars of losses to Philips.  Attorney Vodopia made these complaints in most unusual fashion, however, such as by referring to Philips' legal department as a "ship of fools with a snakes den [sic] just below deck," by referring to Philips' managers as "horses asses," and by offering to "paint [the word] 'cow' on both sides [of] the important evidence" so that "before shooting, [Philips] will investigate whether it has udders, or antlers."

---

[1] Per the website of Scully Scott Murphy & Presser PC, Attorney Vodopia currently is an Associate with the firm and his relevant biographical/career information is as follows:

John F. Vodopia received his BSEE in electrical and computer engineering from Polytechnic University in 1987 and his J.D. degree from New York Law School in 1992.  **He was admitted to the N.Y. State Bar and N.J. State Bars in 1993, the Eastern District of N.Y., the District Court in Newark, N.J., and the N.Y. State Court of Appeals**.  Mr. Vodopia is registered to practice before the U.S. Patent and Trademark Office (USPTO) and is a member of the International Patent Organization (IPO).

**Mr. Vodopia is experienced  in patent litigation, patent licensing, patent portfolio work and patent appeal work before the U.S. Patent and Trademark Office Board of Patent Appeals and Interferences**; with technical expertise in medical imaging systems, picture archiving and communications systems (PACS), computer-aided diagnostic (CADx) systems, complex electronic and Internet-related systems and business methods, and nanotechnology.

(Attached hereto as Exhibit A.)

1

Philips channeled Attorney Vodopia's disagreement and complaints to its Ethics Officer for review. Attorney Vodopia's disagreements and complaints were also reviewed by two of Philips' senior intellectual property attorneys. Finally, Attorney Vodopia's complaints were reviewed by a specially-retained outside attorney.[2] At every stage of review, however, Attorney Vodopia's disagreements and complaints were found to be without merit. Due to his discomfort regarding litigation strategy, the specific case about which Attorney Vodopia was complaining was reassigned to another Philips attorney. (*See* Complaint ¶ 48.)

Eventually, his behavior and communications became so disruptive to the business that Attorney Vodopia had to be warned by his Philips' supervisors that he needed to spend his time carrying out **his actual job duties** rather than "investigating" complaints that had already been addressed and/or misusing his company e-mail through the manner in which he was expressing his disagreement over litigation strategy.[3] Attorney Vodopia refused to accept a warning document from his supervisor and, instead, he departed from Philips' premises. The next day

---

[2] *See* Plaintiff's Complaint, Paragraph 51: "Defendants hired counsel from Morgan Lewis to conduct an investigation."

[3] In its decision dismissing Attorney Vodopia's subsequent Complaint (hereinafter the "Department of Labor Complaint") brought under the whistleblower provision of the Corporate and Criminal Fraud Accountability Act, Public Law 107-204, codified at 18 U.S.C. § 1514A, also known as the Sarbanes-Oxley Act ("SOX"), the United States Department of Labor summarized Attorney Vodopia's behavior as follows:

> Complainant was advised of the results of the second investigation, **but he refused to accept the results as accurate and insisted that he would continue to investigate these allegations during working hours**. Complainant was directed to raise any additional concerns though the proper channels and not to investigate his allegations during working hours. On February 2, 2006, Complainant was directed to meet with his supervisor at which time a final warning letter was issued regarding his failure to follow proper procedures and his misuse of email. **The letter advised Complainant that he was to return to his normal job duties and not spend anymore [sic] time on these issues.** Complainant refused to sign this letter and was terminated on February 3, 2006 for cause.

(Emphasis added.) (A copy of the Department of Labor's Dismissal Order is attached as Exhibit B.)

(February 3, 2006), Philips advised Attorney Vodopia of his termination from employment, for cause.   (*See* Plaintiff's Complaint ¶¶ 14, 55.)[4]

Attorney Vodopia subsequently filed the Department of Labor Complaint. Problematically (and unethically), Attorney Vodopia attached and incorporated into his Department of Labor Complaint documents and information relating to the "disputed" patent lawsuit that are protected by attorney-client privilege and/or that are proprietary and confidential. Attorney Vodopia even attached to his Complaint communications that he himself had earlier labeled "Attorney-Client Privileged."  Despite his position as an Attorney-at-Law and as an Officer of this Court, Attorney Vodopia attached and/or incorporated into his Department of Labor Complaint documents and information dealing with sensitive and privileged topics such as litigation strategy, whether pending litigation should be settled, and whether particular inventions are patentable under applicable legal principles.  No information or documents are more central to the attorney-client relationship in litigation.

---

[4] The written warning, which suggested the possibility of termination from employment **only if Attorney Vodopia continued to engage in disruptive or insubordinate behavior**, stated as follows:

> **FINAL WARNING**
>
> The investigation performed by outside counsel relative to your ethics complaint made in November 2005, **found that there was no ethics violation**.
>
> These findings now conclude any discussions regarding this issue.
>
> **Your failure in the past to follow proper procedure in reporting alleged ethical issues and your misuse of email has caused substantial disruption in the workplace and calls into question your business judgment.  Further disruption of the workplace by your raising of these now resolved issues cannot continue.  Doing so will result in the termination of your employment at Philips.**
>
> **If you have new concerns related to ethics and business practices, you are encouraged to bring them to the attention of the Company or appropriate external authorities.**  Any issue you wish to make known to the Company must be brought via proper channels, i.e. through the Ethics Officer, Kenneth Reinhard.  Any disruption to the workplace caused by your bringing up ethics and business practices concerns via improper internal channels (any channel other than through the Company's Ethics Officer) will not be tolerated and will lead to the termination of your employment with Philips.

(*See* Plaintiff's Complaint ¶ 54, emphasis added.)

Despite Attorney Vodopia's dire warnings, the patent case that Attorney Vodopia was complaining about ultimately was settled – and without any disastrous consequences. In fact, as announced in a **public** press release by Cardiac Science (Philips' opponent in the lawsuit), the only money that changed hands was $1,000,000 -- **but paid by Cardiac Science to Philips![5]**

Attorney Vodopia now comes before this Court with a SOX[6] claim against both Philips and Koninklijke Philips Electronics N.V. ("Koninklijke") (which was never Attorney Vodopia's employer), seeking reinstatement with Philips and seeking to recover back pay, front pay, deferred compensation, lost bonuses, "special damages" for lost reputation in the community, and other monetary recovery. Through this action, Attorney Vodopia is making the same allegations that have failed him, time and time again. Regrettably (and unethically), Attorney Vodopia has once again included confidential, proprietary, and/or attorney-client protected communications and/or information in a public document.[7]

For example, Paragraph 29 of Attorney Vodopia's Complaint appears to contain a privileged communication from the client to the attorney (presumably, Attorney Vodopia). Paragraph 33 discloses information that Attorney Vodopia purportedly discovered in the course of his employment as an attorney for Philips (to which a "work product" or other privilege would apply). Paragraph 37 of Attorney Vodopia's Complaint appears to consist of a privileged attorney-client communication purportedly between Attorney Vodopia and his client.

---

[5] *See* April 26, 2007 Press Release on website of Cardiac Science (copy attached as Exhibit C): "Cardiac Science Announces Settlement of Patent Litigation with Philips" - - ". . . all claims by each side have been dismissed and each side has been granted rights to the respective defibrillation-technology of the other side that were a part of the suit. In addition, Cardiac Science has been granted a perpetual, royalty-free worldwide license to certain other defibrillation patents of Philips not associated with the suit in exchange for a one-time payment of $1 million."

[6] The whistleblower provision of the Corporate and Criminal Fraud Accountability Act, Public Law 107-204, codified as 18 U.S.C. § 1514A, also known as the Sarbanes-Oxley Act (hereinafter "SOX").

[7] To address this serious problem, Philips is also filing a Motion to Remove Plaintiff's Complaint From Public Viewing or Access, to Prohibit Further Public Dissemination of Complaint by Plaintiff, and to Seal Complaint and Seal the Record Pending Further Action by the Court.

Paragraph 38 appears to consist of a disclosure by Attorney Vodopia of an opinion allegedly rendered to the company by its outside counsel that Attorney Vodopia obtained in the course of his employment as an in-house attorney. Paragraph 43 offers Attorney Vodopia's purported legal conclusion/opinion regarding a confidential and proprietary business matter relating to the company that he apparently reached in connection with his employment as in-house counsel. Finally, Paragraph 47 again consists of a disclosure by Attorney Vodopia of an opinion allegedly rendered to the company by its outside counsel.

Attorney Vodopia's action should and must be dismissed pursuant to Rules 12(b)(2) ("lack of jurisdiction over the person") and 12(b)(6) ("failure to state a claim upon which relief can be granted") of the Federal Rules of Civil Procedure. First, Attorney Vodopia's Complaint must be dismissed because, contrary to the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, he has **failed to even allege** that the Court has personal jurisdiction with respect to Koninklijke.

Second, the Complaint must be dismissed because Attorney Vodopia was never an employee of Koninklijke and, therefore, he cannot bring a Complaint pursuant to the whistleblower provisions of SOX against Koninklijke. Third, even if Attorney Vodopia had been employed by Koninklijke (which he was not), Attorney Vodopia's Complaint must be dismissed because he fails to allege that he engaged in activity that can be protected under SOX. Attorney Vodopia's purported disagreement over litigation strategy simply does not qualify as "protected activity" under SOX, and thus, his allegations cannot survive a motion to dismiss.

Fourth, even if Attorney Vodopia had been employed by Koninklijke (which he was not), Attorney Vodopia's Complaint must be dismissed because he cannot even begin to articulate a claim without using and disclosing his client's attorney-client privileged information. In cases

5

like this, various courts have held that "wrongful discharge" or "retaliatory discharge" claims by in-house attorneys are barred or severely limited. The same result should apply here.

Fifth, Attorney Vodopia's Complaint must be dismissed because there is no evidence that he filed objections on a timely basis to the Department of Labor's Order dismissing his claim, and because he failed to serve his Objections and/or Request for Hearing on Koninklijke as required by both the SOX Regulations and the Administrative Law Judge. For all of the above reasons, which are explained below, Attorney Vodopia's case against Koninklijke should be dismissed in its entirety.

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed when it appears that the plaintiff can prove no facts supporting the claim that would entitle the plaintiff to relief. *Global Media Corp. v. Gateway Distributors, Ltd*., 06 Civ. 13415, 2007 U.S. Dist. LEXIS 64364, *6 (S.D.N.Y. Aug. 28, 2007) (all unreported cases are attached hereto as Exhibit D) *citing Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). Although a court considering a 12(b)(6) motion to dismiss must presume all factual allegations set forth in the complaint are true, a court should grant a 12(b)(6) motion to dismiss if the complaint, when presumed to be true, fails to set forth a claim that entitles the plaintiff to relief. *Fitzpatrick v. Sony-BMG Music Entertainment, Inc*., 07 Civ. 2933, 2007 U.S. Dist. LEXIS 60238, *4 (S.D.N.Y. Aug. 15, 2007) (attached as Exhibit D).

To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of plausibility. *Fitzpatrick*, 2007 U.S. Dist. LEXIS 60238 at *5. "Although the complaint need not provide detailed factual allegations, it must amplify a claim with some factual allegations to render the claim plausible." *Id.* (internal citations omitted). The plaintiff's

factual allegations must "be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Portes v. Wyeth Pharmaceuticals, Inc*., 06 Civ. 2689, 2007 U.S. Dist. LEXIS 60824, *6 (S.D.N.Y. Aug. 20, 2007) (attached as Exhibit D), *citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

In this case, even if the factual allegations in Attorney Vodopia's Complaint are taken as true, Attorney Vodopia fails to state any claim upon which relief can be granted. Accordingly, Koninklijke's Motion to Dismiss should and must be granted.

## LAW AND ARGUMENT

### A. Attorney Vodopia's Action Should Be Dismissed Because He Fails To Allege That the Court Has Personal Jurisdiction With Respect To Koninklijke As Required By Rule 8(a) of the Federal Rules of Civil Procedure.[8]

Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading which sets forth a claim for relief…shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." In his Complaint, Attorney Vodopia alleges only subject matter jurisdiction. *See* Complaint ¶2 ("This Court has jurisdiction under 28 U.S.C. Sec. 1331 because it raises a federal question and under 18 U.S.C. Sec. 1514A.") Attorney Vodopia does not set forth the basis for this Court's personal jurisdiction over Koninklijke.

For a question to properly be before a federal court, that court must have both subject matter and personal jurisdiction. *LaBarbera v. Dasgowd, Inc.*, No. CV-03-1762, 2007 U.S. Dist. LEXIS 37349, *4 (E.D.N.Y. May 22, 2007) (attached as Exhibit D) ("For a question to properly be before a federal court, that court must have both subject matter and personal jurisdiction. Even when the parties have not themselves raised the issue, jurisdiction is a threshold issue

---

[8] By submitting this Motion, Koninklijke is not consenting to personal jurisdiction in this case and Koninklijke reserves all rights in this respect.

which the court must address."), *citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2005 U.S. Dist. LEXIS 753, *22 (S.D.N.Y. Jan. 18, 2005) (attached as Exhibit D) ("In order to render a valid decision, a federal court must have both subject matter jurisdiction over the action and personal jurisdiction over the parties. . . In order for a federal court to exercise personal jurisdiction over a party there must be (1) a statutory source of jurisdiction that (2) does not surpass the limitations imposed by the U.S. Constitution.")

The burden of establishing a court's personal jurisdiction over a defendant rests with the plaintiff. *See Dagen v. CFC Group Holdings, Ltd.*, 00 Civ. 5682, 2002 U.S. Dist. LEXIS 25767, *17 (S.D.N.Y. Mar. 7, 2002) (attached as Exhibit D). The plaintiff must allege facts in support of personal jurisdiction, not merely conclusions. *Clarke v. Fonix Corp.*, 98 Civ. 6116, 1999 U.S. Dist. LEXIS 2143, *26 (S.D.N.Y. Mar. 1, 1999) (attached as Exhibit D). Moreover, mere conclusory allegations are insufficient to support a prima facie showing of personal jurisdiction. *Indemnity Ins. Co. of N.A. v. K-Line America, Inc.*, 06 Civ. 0615, 2007 U.S. Dist. LEXIS 43567, *13 (S.D.N.Y. June 14, 2007) (attached as Exhibit D), *citing Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998); *Global View Ltd. Venture Capital v. Great Central Basin Exploration L.L.C.*, 288 F.Supp. 2d 484, 484 (S.D.N.Y. 2003). In this case, Attorney Vodopia has utterly failed to allege – let alone set forth any facts – to establish personal jurisdiction over Koninklijke.[9]

---

[9] This argument is no mere "academic exercise." Koninklijke is a Dutch corporation with its principal place of business in Amsterdam, the Netherlands. Koninklijke does not have a place of business in New York or elsewhere in the United States. (*See* Exhibit E, Affidavit of Warrant T. Oates, Jr., Philips' Senior Assistant Corporate Secretary and Director, Legal Administration (hereinafter "Oates Affidavit.") ¶ 4.) Thus, it would appear that Plaintiff fails to allege this Court having personal jurisdiction over Koninklijke **because he cannot establish personal jurisdiction over Koninklijke.**

Attorney Vodopia's failure to allege personal jurisdiction as required by Rule 8(a) is grounds for dismissal. *See Shabtai v. Levand*, No. 01-7555, 2002 U.S. App. LEXIS 12710, *4 (2d Cir. 2002) (attached as Exhibit D) (plaintiff's complaint dismissed for failure to comply with F.R.C.P. 8 because it alleged only diversity jurisdiction and provided no basis for the court's personal jurisdiction over the defendants). The complaint <u>must</u> state the factual basis for the court's exercise of personal jurisdiction over each defendant. *Id.* Due to Attorney Vodopia's failure to allege personal jurisdiction in this case, his claims against Koninklijke must be dismissed.

**B.    Attorney Vodopia's Sarbanes-Oxley Claim Must Be Dismissed Because Attorney Vodopia Was Never an Employee of Koninklijke.**

Attorney Vodopia was an employee of Philips. *See* Complaint ¶ 11 ("Plaintiff was employed by PENAC [defined in ¶ 8 of Plaintiff's Complaint as "Philips Electronics North America"] as Intellectual Property Counsel from July 17, 2000 to February 3, 2006."). Attorney Vodopia is not, and has never been, an employee of Koninklijke. He therefore cannot bring a SOX claim against Koninklijke because SOX provides protection for **employees** of publicly traded companies:

> (a)  WHISTLEBLOWER PROTECTION FOR **EMPLOYEES** OF PUBLICLY TRADED COMPANIES – No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. § 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass or in any other manner discriminate against an **employee** in terms or conditions of employment because of any lawful act done by the employee—

18 U.S.C. § 1514A. *See also* 148 Cong. Rec. S7420 (daily ed. July 26, 2002) (stating that the purpose of Section 806 of the Sarbanes-Oxley act is to "provide whistleblower protection to **employees** of publicly traded companies…") (emphasis added); *Pittman v. Siemens AG*, Case

No. 2007-SOX-0015, 2007 DOLSOX LEXIS 56, *6-7 (ALJ July 26, 2007) (attached as Exhibit D) ("Respondent Siemens AG qualifies as a publicly traded German corporation under SOX. However, **Siemens AG is not covered under the Act because it did not employ Complainant**, and Complainant has not shown sufficient commonality of management and purpose between Siemens AG and DPC [Complainant's non-public employer] to justify piercing the corporate veil." (Emphasis added.))

In this case, Attorney Vodopia's Complaint against Koninklijke should and must be dismissed because Koninklijke was not Attorney Vodopia's employer and, therefore, Attorney Vodopia was not an employee of a publicly traded company as required to be covered under SOX.

### C.    Attorney Vodopia's Action Should be Dismissed Because His Disagreement With Litigation Strategy Is Not "Protected Activity" Under Sarbanes-Oxley.

Even if Attorney Vodopia had been an employee of Koninklijke (which he never was), his claim would need to be dismissed because he fails to allege that he engaged in "protected activity." A plaintiff can only be covered under SOX only if he reports activity that he "reasonably believes constitutes a violation" of the enumerated code sections, any SEC rule or regulation, or "any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1); *Portes*, 2007 U.S. Dist. LEXIS 60824 at *9-10; *Mahony v. Keyspan Corp.*, 04 CV 554, 2007 U.S. Dist. LEXIS 22042, *10 (E.D.N.Y. Mar. 12, 2007) (attached as Exhibit D) ("SOX protects an employee who assists in investigations into matters which the employee 'reasonably believes constitute a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.'")

While the employee-plaintiff need not cite the specific law or regulation that he believes is being violated, his disclosures are "protected only when they implicate the substantive law protected in Sarbanes-Oxley definitively and specifically." *Portes*, 2007 U.S. Dist. LEXIS 60824 at *10 (internal citations omitted).

> Where a communication is "barren of any allegations of conduct that would alert [a defendant] that [the plaintiff] believed the company was violating any federal rule or law related to fraud against shareholders," the reporting is not protected by SOX.

*Id., citing Fraser v. Fiduciary Trust Co. Int'l*, 417 F.Supp. 2d 310, 322 (S.D.N.Y. 2006); *Livingston v. Wyeth, Inc*., 1:03CV00919, 2006 U.S. Dist. LEXIS 52978 (M.D.N.C., July 28, 2006) (attached as Exhibit D) ("To be protected under [SOX], an employee's disclosures must be related to illegal activity that, at its core, involves shareholder fraud.")

Attorney Vodopia's Complaint lacks any allegations of conduct that would lead him to reasonably believe the company was violating any of the code sections enumerated in SOX, any SEC rule or regulation, or any of the code sections enumerated in Federal law relating to fraud against shareholders.  Attorney Vodopia, at best, had a disagreement over litigation strategy.  As such, Attorney Vodopia did not engage in any protected activity under SOX.  18 U.S.C. § 1514A(a)(1).  *See Grant v. Dominion East Ohio Gas*, Case No. 2004-SOX-00063, 2005 DOLSOX LEXIS 79, *116 (Mar. 10, 2005) (attached as Exhibit D) ("Mr. Grant simply questioned the legal department's use of a particular law firm and [a particular lawyer's] professionalism" and this was not "protected activity."  In addition, **"[t]he Act does not protect an employee who simply raises questions about virtually everything with which he disagrees or does not understand."**  (Emphasis added.))  *See also Reddy v. Medquist, Inc*., Case No. 2004-SOX-00035, 2005 DOLSOX LEXIS 27, *3 (June 10, 2004) (attached as Exhibit D) (complaints about a policy change that arguably reduced transcriptionists' pay held to be a

matter of internal company policy as opposed to violations of federal law and therefore not protected activity under SOX.)

Moreover, Attorney Vodopia could not have "reasonably believed" that disagreement over patent litigation strategy could in any way be in violation of SOX, especially in light of the fact that Attorney Vodopia has been a practicing attorney for almost twenty (20) years. *See Mahoney*, 2007 U.S. Dist. LEXIS 22042 at *14-15, *citing Lerbs v. Buca Di Beppo, Inc*., 2004-SOX-8, 2004 DOLSOX LEXIS 65, *31 (ALJ June 15, 2004) (attached as Exhibit D) ("The reasonableness of a complainant's belief regarding illegality of a respondent's conduct is to be determined on the basis of the knowledge available to a reasonable person in the circumstances with the **employee's training and experience**." (Emphasis added.))

Attorney Vodopia's Department of Labor Complaint was dismissed because disagreement over litigation strategy is not protected activity under SOX:

> The concerns that [Attorney Vodopia] raised to management do not fall under the aegis of §806 of SOX. [Attorney Vodopia] has been unable to demonstrate to OSHA that he reported any information to Respondent that he reasonably believed constituted a violation of 18 U.S.C. §§ 1341, 1343, 1344, or 1348, or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders. **The concerns raised by [Attorney Vodopia] involved his disagreement with the way in which Respondent and their outside counsel . . . handled issues of patent law.** Although [Attorney Vodopia] continually uses the word "fraud" in his § 806 complaint to OSHA, **he has failed to demonstrate that his disagreements with his employer about patent law constituted a protected report**.

(*See* Exhibit B, Department of Labor's Dismissal Order.)

Because Attorney Vodopia's Complaint alleges only a difference of opinion over the handling of litigation, it is not "protected activity" under SOX.  Thus, even if Attorney Vodopia had been an employee of Koninklijke, his claim would need to be dismissed for failing to state a claim upon which relief can be granted.

D.   **Attorney Vodopia's Action Should Dismissed Because He Can Not Even Begin to State a Claim Without Using and Disclosing Attorney-Client Privileged Information.**

Even if Attorney Vodopia is somehow claiming that he was employed by Koninklijke (which is false), his action would still need to be dismissed because he is unable to even begin to state any claim without using and disclosing attorney-client privileged information and documents. As discussed above, Attorney Vodopia attached and incorporated into his Department of Labor Complaint extensive attorney-client privileged and confidential materials. On various occasions, Attorney Vodopia rejected efforts to implement a protective order. (*See* Exhibit F, Letter from Attorney Vodopia to Department of Labor dated June 13, 2006, and Exhibit G, Letter from Attorney Vodopia to Department of Labor dated July 13, 2006.[10])

In light of these and other confidentiality and attorney-client privilege concerns, the Department of Labor initially suspended its investigation of Attorney Vodopia's complaints. (*See* Exhibit H, Letter from Department of Labor to Counsel for Philips dated June 2, 2006.) Attorney Vodopia vehemently objected to the suspension. (*See* Exhibit F.) Ultimately, the Department of Labor ruled against Attorney Vodopia on substantive grounds and dismissed his Department of Labor Complaint (Exhibit B) without issuing any formal ruling with respect to confidentiality or attorney-client privilege issues.[11]

---

[10] In the July 13, 2006 letter, for example (Exhibit G), Attorney Vodopia states: "I therefore declined to accept Mr. Petrulis request that I execute and return the document to his offices, or that modifying such a contract, or confidentiality agreement, could render it proper for the matter at hand, or render use of such an instrument any more satisfactory to me in principle. **Quite frankly, I don't understand why Philips would think I would negotiate a contract with them at this point in time,** which appears as its only purpose to lighten me of my inherent rights in this matter, or agree to so many admissions against my interest, as set forth, for $10 and other valuable consideration, or otherwise." (Emphasis added.)

[11] After Attorney Vodopia sought review of the Department of Labor's action dismissing his Complaint, the assigned Administrative Law Judge ordered that the parties confer and agree to a proposed protective order governing confidentiality of documents. (*See* Exhibit I, Order issued June 11, 2007.) This never occurred prior to Attorney Vodopia's filing of this action (or at any other time).

Attorney Vodopia himself is an Attorney-at-Law as well as an Officer of this Court. Despite his sworn duties, Attorney Vodopia has exhibited little or no regard for attorney-client privilege or confidentiality issues.  Now, for the second time around (and despite the fact that he now is represented by counsel), Attorney Vodopia continues to ignore his obligations as an Attorney-at-Law and as a member of the New York Bar to protect attorney-client confidences. (*See* Attorney Vodopia's Complaint ¶¶ 29, 33, 37, 38, 43, 44 and 47.)

It is not clear that an in-house attorney like Attorney Vodopia is even permitted to bring a "wrongful discharge" or "retaliatory discharge" claim against his former employer, since courts traditionally have treated attorneys differently than other employees.  Some courts have held that in-house attorneys have no right whatsoever to bring actions for "wrongful discharge" against their employers. *See Balla v. Gambro*, 584 N.E. 2d 104 (Ill. 1991) (holding that allowing in-house attorneys to sue their employers for retaliatory discharge would cause their employers to hesitate to seek advice from counsel); *Nordling v. States Power Co.*, 465 N.W. 2d 81 (Minn. Ct. App. 1991) (holding that the client's absolute right to terminate its attorneys barred all retaliatory discharge suits by in-house counsel);  *Herbster v. N. Am. Co. for Life & Health Ins.*, 501 N.E. 2d 343 (Ill. App. Ct. 1986).

Even cases that have allowed such suits under limited circumstances have imposed significant restrictions on would-be attorneys/litigants.  *See GTE Prods. Corp. v. Stewart*, 653 N.E. 2d 161 (Mass. 1995) (allowing an attorney's retaliatory discharge claim **but only if it can be proved without violating the attorney-client privilege and confidentiality**).

While it appears that no District Court in the Second Circuit has yet addressed this issue, it is notable that under New York state law, which directly governs Attorney Vodopia's actions as an attorney, it is doubtful that an in-house attorney can pursue a wrongful discharge action

using privileged or confidential company documents. *See Wise v. Consol Edison Co. of N.Y.*, 282 A.D.2d 335, 336 (N.Y. App. Div. 2001) ("Plaintiff's affirmative claims against defendant for damages, grounded in the theory of wrongful discharge, do not fall within the exception permitting an attorney to disclose confidences or secrets necessary to defend 'against an accusation of wrongful conduct' …and plaintiff cannot circumvent the rule prohibiting such claims by reframing his claims as other related torts…  Since this action involves client confidences, defendant's motion to permanently seal the record should have been granted.").

One approach taken in a SOX case is reflected in *In re Donald J. Willy v. Coastal Corp.*, 2004 DOL Ad. Rev. Bd. LEXIS 19, ARB No. 98-060, ALJ No. 85-CAA-1 (ARB Feb. 27, 2004) (attached as Exhibit D) ("Our ruling. . .  is in accord with other decisions that have permitted former in-house counsel to advance affirmative federal claims against their employers in their individual capacity **so long as the attorney-client privilege is not violated**."  (Emphasis added.))  In this case, there can be no question that Attorney Vodopia cannot even begin to articulate a claim **without using and disclosing confidential and attorney-client privileged information and documents**.  The "best evidence" of this is the fact that Attorney Vodopia has felt the need to use this attorney-client privileged information twice already -- in his Department of Labor Complaint and in his Complaint in this case.  Under these circumstances, Attorney Vodopia's claim against Koninklijke should be dismissed, consistent with the authority of cases such as *Balla*, *Nordling, Herbster*, *GTE*, *Willy* or *Wise*.

>    **E.    Attorney Vodopia's Sarbanes-Oxley Claim Should Be Dismissed Because There Is No Evidence That He Filed Objections To the Department of Labor's Dismissal Decision on a Timely Basis and Because He Failed to Serve His Objections And/or Request for Hearing on Koninklijke.**

The Department of Labor found no merit to Attorney Vodopia's SOX Complaint and dismissed it accordingly. (*See* Exhibit B.)  Per Title 29 of the Code of Federal Regulations, §

1980.106(a), which is one section of the Rules and Regulations governing SOX, if Attorney

Vodopia desired a review of this Dismissal, he was required to "file any objections and/or

request for a hearing on the record within 30 days of receipt of the findings . . . in writing . . .

[and mail] copies of the objections . . . at the same time to the other parties of record, the OSHA

official who issued the findings and Order, and the Associate Solicitor, Division of Labor

Standards, U.S. Department of Labor. . . ."

The Department of Labor's Notice of Hearing with respect to Attorney Vodopia's

apparent[12] objections has an "issue date" of April 13, 2007.  (*See* Exhibit J.)  This is forty-three

**(43) days** after the Department of Labor's dismissal letter of March 1, 2007.  There is **no**

**evidence** that Attorney Vodopia filed his Objections and/or Request for Hearing "within 30 days

of receipt of the findings" as required by 29 C.F.R. § 1980.106(a).  Unless Attorney Vodopia can

supply such evidence, his action, which alleges a single claim under SOX, should be dismissed.

Furthermore, it is undisputed that Attorney Vodopia failed to serve any Objections and/or

Request for Hearing as required by 29 C.F.R. § 1980.106(a).  *See* Respondent's Request for

Service of Complainant's Objections and Request of Hearing attached as Exhibit K.  *See also*,

Order by Administrative Law Judge Ralph A. Romano dated June 11, 2007, ordering that

"Complainant shall forthwith serve Respondent's counsel with a copy of his objections to

findings and request for a hearing . . . ."  (Attached as Exhibit I.)

Attorney Vodopia never complied with 29 C.F.R. § 1980.106(a) or with Judge Romano's

Order by serving his Objections and/or Request for Hearing.  Due to Attorney Vodopia's failure

to follow the required Department of Labor Procedures and Orders issued during the Department

of Labor phase of this case, his Claim must be dismissed.

---

[12] The word "apparent" is used because Koninklijke still has not been provided with copies of any objections.

## <u>CONCLUSION</u>

For all of the reasons stated above, Koninklijke's Motion to Dismiss should be granted and Attorney Vodopia's Complaint should be dismissed.

                                        Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                        SMOAK & STEWART, P.C.

Dated:  September 19, 2007              by:  _s/ Jennifer Rygiel-Boyd (JR 5676)_
                                        Jennifer Rygiel-Boyd (JR 5676)
                                        521 5th Avenue, Suite 1700
                                        New York, New York
                                        jennifer.rygiel-boyd@odnss.com

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2007, a copy of the Memorandum in Support of

Koninklijke Philips Electronics N.V.'s Motion to Dismiss was filed electronically.  Notice of this

filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's CM/ECF System.


   /s/ Jennifer Rygiel-Boyd
Jennifer Rygiel-Boyd (JR 5676)


5204407.2 (OGLETREE)

18