# EXHIBIT F

# EXHIBIT F

John F. Vodopia, Esq.
3 Lone Oak Drive
Centerport, NY 11721

June 13, 2006

Terri M. Wigger
Investigator: Whistleblower Statutes
USDOL-OSHA
401 New Karner Rd., Suite 300
Albany, NY 12205-3809

      Re:   John F. Vodopia v. Philips Electronics NA Corporation
              Case No. 2-2600-06-05
              Request For Reconsideration and Petition For Hearing

Dear Ms. Wigger:

      I request reconsideration of the June 2, 2006, suspension by USDOL-OSHA, of the above-identified investigation. I further request a hearing if you will not reconsider, and continue your investigation. Respondent cannot frustrate this investigation by a broad assertion that all of the evidence can be cited against them under 806 is privileged because of my in-house employment for them.[1]

      To that end, please provide any documentary or testimonial evidence provided by Respondent to establish that the documents are privileged.

Under the law, because the documents submitted with my May 3, 2006, Complaint supports the elements of a prima facie case under 806, and for at least this reason[2] Respondent cannot establish privilege. People's Bank of Buffalo v. Brown, 112 F.2d 652, 654 (3d Cir. 1902). The investigation should not have been suspended in view of the fact that Respondent has not established privilege (under federal precedent in these matters).

      A proper claim of privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their

---

[1] Your June 2, 2006, letter to me states that the investigation is stalled because counsel for Respondent has testified that the evidence attached to my May 3, 2006, Complaint under the Sarbanes-Oxley Whistleblower section 806 represents "all" of the evidence pertinent to this investigation. I disagree strongly, and wish this statement retracted formally from the record as inaccurate.

[2] The law on privilege will not allow Respondent to establish privilege, to assert privilege herein, but it is Respondent's burden under the law to establish, as a seeker of relief by in view of alleged privileged status.

confidentiality. International Paper Co. v. Fiberboard Corp., 63 F.R.D 88, 94 (D. Del 1974); Willy v ARB, US DOL, No. 04-60347 (5th Cir. Aug. 24, 2005); Seidel v Putnam Investments, Inc.[3], and MODEL RULES OF PROF'L CONDUCT R. 1.6(b)(2) (1983).

If Respondent is allowed to stonewall an investigation by broad-based assertions of privilege, evidence of fraud could never be sought in any legal action by or against an attorney working as in-house counsel for a company involved in fraud (such as Respondent). Congress did not intend to prevent lawyers and other professionals from protection under Sarbanes because an entity under investigation asserts that it would be hurt by evidence of fraud, in the "allegedly" privileged documents. The burden under the law is therefore on Respondent to raise explicitly, and claim explicitly, for each document that it wishes to assert and establish as privileged, and demonstrate each basic element giving rise to the "alleged" privilege is present. Epstein, EA, The Attorney-Client Privilege and the Work-Product Doctrine (4th Ed.), page 28. Iron Workers Union Local No. 17 Ins. Fund v. Philip Morris, Inc., 35 F Supp. 2d. 582, 585 (N.D. Ohio 1999).

Please arrange lift the suspension and continue the investigation, and/or schedule a hearing.

Truly yours,

John F. Vodopia        June 13, 2006

CC:   Michael Mabee                              Robert Petrulis, Esq.
      Supervisory Investigator                   Baker Hostetler
      Region II, Whistleblower Statutes          3200 National City Center
      Occupational Safety and Health Admin.      1900 East Ninth Street
      201 Varick Street Room 670                 Cleveland, OH 44114-3485
      New York, NY 10014

---

[3] Seidel concerns an assertion of privilege where the New York Times moved to have the "allegedly" documents made public, creating some uncomfortability for Respondent in that whistleblower action.