# EXHIBIT G

# EXHIBIT G

Steinmetz, Valerie

| | |
|---|---|
| From: | john [johnfvodopia@myway.com] |
| Sent: | Thursday, July 13, 2006 11:23 PM |
| To: | wigger.teri@dol.com |
| | mabee.michael@dol.com; Petrulis, Robert |
| Subject: | John F. Vodopia, Esq. v. Philips Electronics, case no. 2-2600-06-005 |


Wigger-dol-july13.doc (38 KB)

Ms. Wigger, Mr. Petrulis, Mr. Mabee,

Please see the attached Word document that I have provided in response to Respondent's recent letter and proposed agreement. I have been involved in discovery disputes that ended with protective orders put in place, and have been involved with negotiating proposed orders, which upon agreeemnt were readily put in place by the court, but I have never seen the likes of the proposed agreeement.

---

No banners. No pop-ups. No kidding.
Make My Way your home on the Web - http://www.myway.com

1

John F. Vodopia, Esq.
3 Lone Oak Drive
Centerport, NY 11721

July 13, 2006

Terri M. Wigger
Investigator: Whistleblower Statutes
USDOL-OSHA
401 New Karner Rd., Suite 300
Albany, NY 12205-3809

       Re: John F. Vodopia v. Philips Electronics NA Corporation
          Case No. 2-2600-06-05

Dear Ms. Wigger:

  I received Mr. Petrulis' letter to you (at USDOL-OSHA) today, which letter included an agreement that Philips proposes to be put in place between me and them in this contest. While Mr. Petrulis asserts that the agreement as proposed is quite fair to me, and respectful of US jurisprudence as to matters of privilege, and exceptions to privilege, I would be more comfortable with a well-reasoned protective order from your offices as to which documents may be used by me, as per what legal precedent, of those documents at issue included to establish my prima facie complaint under 806.

  I therefore declined to accept Mr. Petrulis request that I execute and return the document to his offices, or that modifying such a contract, or confidentially agreement, could render it proper for the matter at hand, or render use of such an instrument any more satisfactory to me in principle. Quite frankly, I don't understand why Philips would think I would negotiate a contract with them at this point in time, which appears as its only purpose to lighten me of my inherent rights in this matter, or agree to so many admissions against my interest, as set forth, for $10 and other valuable consideration, or otherwise.

  For that matter, in 16 years of federal practice, I have never heard of such a discovery device, or parties making such agreements limiting discovery.

  I do, however, agree with Mr. Petrulis in principle that any Philips document that Philips is capable of establishing as privileged under the law must be treated as privileged, but for the exceptions set forth in the case law cited in my June 16 letter to you (USDOL-OSHA).

  Accordingly, and in a good faith effort to settle the issue and move forward in the investigation, I request that you or your offices arrange a meeting, or a hearing, where both sides might meet in an attempt to converge on a workable solution with your input and direction. For example, we may agree that USDOL-OSHA will hear Philips arguments for each documents it wishes to assert privilege for, and if USDOL agrees that prima facie privilege has been established, and there are no exceptions to the established privilege, then the evidence as such shall be secluded within USDOL-OSHA, maintained in secrecy and viewed only in camera for the limited purposes of this tribunal.

  I look forward to hearing from you to arrange a meeting or hearing to address the issues Philips' raises, and to come to a resolution mutually agreeable between the parties. Would you contact Mr. Petrulis and me with several suggested dates at your first convenience? Thank you.

Truly yours,


John F. Vodopia                     July 13, 2006


CC: Michael Mabee          Robert Petrulis, Esq.
    Supervisory Investigator       Baker Hostetler
    Region II, Whistleblower Statutes    3200 National City Center
    Occupational Safety and Health Admin.  1900 East Ninth Street
    201 Varick Street Room 670      Cleveland, OH 44114-3485
    New York, NY 10014