UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN F. VODOPIA, | ) | CASE NO. 1:07CV06214 |
| | ) | |
| Plaintiff, | ) | JUDGE BARBARA S. JONES |
| | ) | |
| | ) | MAGISTRATE JUDGE DEBRA C. FREEMAN |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF PHILIPS** |
| | ) | **ELECTRONICS NORTH AMERICA** |
| | ) | **CORPORATION'S MOTION TO REMOVE** |
| | ) | **PLAINTIFF'S COMPLAINT FROM PUBLIC** |
| KONINKLIJKE PHILIPS ELECTRONICS | ) | **VIEWING OR ACCESS, TO PROHIBIT** |
| N.V., *et al.*, | ) | **FURTHER PUBLIC DISSEMINATION OF** |
| | ) | **COMPLAINT BY PLAINTIFF, AND TO SEAL** |
| Defendants. | ) | **COMPLAINT AND SEAL THE RECORD** |
| | ) | **PENDING FURTHER ACTION BY THE** |
| | ) | **COURT** |
| | ) | |
| | | **(EXPEDITED CONSIDERATION REQUEST)** |

As explained in the Memorandum in Support of Motion to Dismiss Plaintiff's

Complaint Against Philips Electronics North America Corporation ("Memorandum in

Support of Motion to Dismiss"), this case involves a lawsuit filed by Plaintiff John F.

Vodopia, Esq. ("Attorney Vodopia"), a former in-house attorney for Philips Electronics

North America Corporation ("Philips").  In an earlier "phase" of this case before the

Department of Labor, Attorney Vodopia attached and incorporated into his Department

of Labor Complaint documents and information from a patent lawsuit he at one time

handled as Philips' in-house counsel.  These documents and information, which dealt

with sensitive and privileged topics such as litigation strategy, whether pending litigation

should be settled, and whether particular inventions are patentable under applicable legal

principles, are protected by attorney-client privilege, the attorney work product doctrine,

and/or they are otherwise confidential and proprietary.

Despite repeated requests, including a request to the attorney now representing Attorney Vodopia in this action, Attorney Vodopia has refused to return these privileged and confidential materials to Philips.  (See subsection "D" of the "Law and Argument" section of Memorandum in Support of Motion to Dismiss with respect to Attorney Vodopia's rejection of these efforts.)  Attorney Vodopia similarly has refused to return a Philips laptop computer that in all probability contains additional attorney-client privileged and confidential materials.

Through his Complaint in this case, Attorney Vodopia has once again included attorney-client privileged and confidential information in a highly public document.  For example, Paragraph 29 of Attorney Vodopia's Complaint appears to contain a privileged communication from the client to the attorney (presumably, Attorney Vodopia).  Paragraph 33 discloses information that Attorney Vodopia purportedly discovered in the course of his employment as an attorney for Philips (to which a "work product" or other privilege would apply).  Paragraph 37 of Attorney Vodopia's Complaint appears to consist of a privileged attorney-client communication purportedly between Attorney Vodopia and his client.  Paragraph 38 appears to consist of a disclosure by Attorney Vodopia of an opinion allegedly rendered to the company by its outside counsel that Attorney Vodopia obtained in the course of his employment as an in-house attorney.  Paragraph 43 offers Attorney Vodopia's purported legal conclusion/opinion regarding a confidential and proprietary business matter relating to the company that he apparently reached in connection with his employment as in-house counsel.  Finally, Paragraph 47 again consists of a disclosure by Attorney Vodopia of an opinion allegedly rendered to the company by its outside counsel.

Attorney Vodopia has no right to treat his client's confidences and legal matters with such little regard and/or disclose them to the public through the filing of his Complaint or the filing any other documents in this case. With respect to his Complaint, Attorney Vodopia simply could have presented a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rules of Civil Procedure 8(a). Instead, Attorney Vodopia **chose** to intentionally discuss and disclose specific attorney-client communications and confidential information through his publicly-filed Complaint.

As a result of Attorney Vodopia's conduct and disclosures, immediate relief is necessary. Philips respectfully requests that this Court enter an Order removing Plaintiff's Complaint from public viewing or access, prohibiting Attorney Vodopia from any further dissemination of the Complaint or any other privileged or confidential documents or information concerning Philips, and sealing the Complaint and the entire case pending further relief that the Court might order to protect Philips' attorney-client privileged or otherwise confidential information and documents (*e.g.*, ordering Attorney Vodopia to return all attorney-client privileged and/or confidential documents to Philips).

For the above-stated reasons, Philips respectfully requests that its Motion be granted.

Respectfully submitted,


s/ Jennifer Rygiel-Boyd
Jennifer Rygiel-Boyd (JR 5676)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
521 5th Avenue, Suite 1700
New York, New York
Telephone:  (212) 292-4314


Attorney for Defendant
Philips Electronics North America Corporation

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 19, 2007, a copy of the Philips Electronics

North America Corporation's Memorandum in Support of Its Motion to Remove

Plaintiff's Complaint from Public Viewing or Access, to Prohibit Further Public

Dissemination of Complaint by Plaintiff, and to Seal Complaint and Seal the Record

Pending Further Action by the Court was filed electronically.  Notice of this filing will be

sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties

may access this filing through the Court's CM/ECF System.


__/s/ Jennifer Rygiel-Boyd_____
Jennifer Rygiel-Boyd (JR 5676)

5208029.1 (OGLETREE)

5208029.1 (OGLETREE)