UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN F. VODOPIA, | ) | CASE NO. 1:07CV06214 |
| | ) | |
| Plaintiff, | ) | JUDGE BARBARA S. JONES |
| | ) | |
| | ) | MAGISTRATE JUDGE DEBRA C. FREEMAN |
| vs. | ) | |
| | ) | |
| | ) | |
| KONINKLIJKE PHILIPS ELECTRONICS | ) | |
| N.V., *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM IN SUPPORT OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S MOTION TO PREVENT DISSEMINATION AND DISCLOSURE OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S AND KONINKLIJKE PHILIPS ELECTRONICS N.V.'S CONFIDENTIAL, PROPRIETARY, AND/OR ATTORNEY-CLIENT PRIVILEGED INFORMATION BY PLAINTIFF**

**(EXPEDITED CONSIDERATION REQUESTED)**

On this date, the Parties have submitted for the Court's consideration a *Stipulation Partially Resolving Philips' Motion to Remove Plaintiff's Complaint from Public Viewing or Access, to Prohibit Further Dissemination of Complaint by Plaintiff, and to Seal Complaint and to Seal the Record Pending Further Action by the Court* (submitted via e-mail to the Court on October 17, 2007) (hereinafter, the "Stipulation"). In Defendant's view, although this stipulation (if approved by the Court) will be of some assistance, it will not sufficiently protect Defendants' attorney-client privileged or otherwise

confidential and proprietary information and documents from disclosure. (*See Memorandum in Support of Philips Electronics North America Corporation's Motion to Remove Plaintiff's Complaint from Public Viewing or Access, to Prohibit Further Public Dissemination of Complaint by Plaintiff, and to Seal Complaint and Seal the Record Pending Further Action by the Court* (Docket Number 18) for discussion of risks and harms associated with the actions and omissions of Plaintiff John F. Vodopia, Esq. in connection with his former employment as an in-house attorney for Philips Electronics North America Corporation.) Although Plaintiff John F. Vodopia, Esq. ("Attorney Vodopia" or "Plaintiff") has agreed to a "sealing" of the record in this case, this "sealing" benefits Attorney Vodopia almost as much as it benefits Defendants because it will shield Attorney Vodopia from public scrutiny of his own behavior. However, Attorney Vodopia refuses to agree to any of the other protective items sought by Philips Electronics North America Corporation ("Philips"). These other items (as proposed to Attorney Vodopia's counsel by Philips' counsel on September 25, 2007) were as follows:

> . . .
> 3.  Plaintiff is hereby prohibited from disclosing, publishing, or disseminating to others the Complaint or any other privileged or confidential documents or information concerning Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") or Defendant Philips Electronics North America Corporation ("Philips").
>
> 4.  Plaintiff, as well as his attorneys and agents, are hereby ordered to return to Defendants' counsel (by no later than October 1, 2007) all materials and documents (including all copies and all electronic versions of said documents) relating to Defendants obtained by Plaintiff in connection with his employment or otherwise.
>
> 5.  Plaintiff, as well as his attorneys and agents, are hereby ordered to return to Defendants' counsel (by no later than October 1, 2007) or shall destroy (and, in such case, shall certify

2

destruction to the Court) any summaries, abstracts, or notes, memoranda, or other documents relating to Philips' attorney-client privileged or confidential documents or matters.

6. Plaintiff, as well as his attorneys and agents, shall return to Defendants' counsel (by no later than October 1, 2007) the laptop computer belonging to Philips and shall return it in unaltered, unerased, and un-untampered-with form.[1]

7. Plaintiff shall certify to the Court and to Defendants (by no later than October 1, 2007) the identity of any person or entity to whom he has previously provided or shown any confidential and/or privileged materials relating to Defendants.

8. Plaintiff shall certify to the Court (by no later than October 1, 2007) that he has conducted a complete search for Defendants' documents and property in his actual or constructive possession.

Philips believes that these requested protections are reasonable and necessary in order to protect Philips' attorney-client privileged, confidential, and proprietary information and documents. Accordingly, Philips respectfully requests that this motion be granted and that the Court enter an Order consistent with the above. A proposed Order is attached hereto for the Court's convenience.

---

[1] Recently, Plaintiff has returned Philips' laptop computer to Defendants' counsel (nearly 19 months after Plaintiff's separation from employment). Thus, Philips no longer needs the Court's assistance to force Plaintiff to return the computer. However, the computer issue is still of concern to Defendants in that Plaintiff's counsel has recently represented that Attorney Vodopia needed to have the computer "reformatted" to fix a "virus" from Philips and that Attorney Vodopia had concerns about turning the computer over because the computer contains some of his "personal stuff."

The word "reformatted" gives Philips serious concern about the prospect of "spoliation" and casts doubts on the "unaltered, unerased, and un-tampered-with form" of the computer. *See Williams v. ACS Consultant Co., Inc.*, No. 06-cv-13603, 2007 U.S. Dist. LEXIS 71259, *3-6 (E.D. Mich. Sept. 26, 2007) (where plaintiff-employee failed to return laptop issued by defendant-employer and then returned laptop with destroyed files, the court assumed that a showing of spoliation was made). *See also Int'l Airport Ctrs., L.L.C. v. Citrin*, 440 F.3d 418 (7th Cir. 2006) (employee's erasure of laptop contents triggers liability under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030); *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006) (plaintiff's SOX whistleblower claims dismissed with prejudice after determining that the employee despoiled evidence by deleting files from his employer-issued laptop computer during the pendency of litigation).

Respectfully submitted,


s/ Kristin Somich
Kristin Ulrich Somich (admitted *pro hac vice*)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, Ohio 44114
Telephone: (216) 241-6100

Jennifer Rygiel-Boyd (JR 5676)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
521 5th Avenue, Suite 1700
New York, New York
Telephone: (212) 292-4314

Attorneys for Defendant
Philips Electronics North America Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2007, a copy of the Memorandum in Support of Philips Electronics North America Corporation's Motion to Prevent Dissemination and Disclosure of Philips Electronics North America Corporation's and Koninklijke Philips Electronics N.V.'s Confidential, Proprietary, and/or Attorney-Client Privileged Information by Plaintiff and to Prevent Spoliation of Evidence by Plaintiff was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                   /s/ Kristin Somich
                                                 Kristin Ulrich Somich (admitted *pro hac vice*)

5231678.1 (OGLETREE)